UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELISSA GARDNER,

          Plaintiff,

v.                                    CASE NO.  8:14-CV-1677-T-17EAJ

CREDIT MANAGEMENT, L.P.,

          Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 6    Motion to Dismiss
Dkt. 9    Corrected Response in Opposition

In the Complaint, Plaintiff Melissa Gardner alleges violations of 47 U.S.C. Sec.
227, Restrictions on use of telephone equipment, against Defendant Credit
Management, L.P.  Plaintiff Gardner alleges that Defendant Credit Management, L.P.
called Plaintiff's cell phone repeatedly, with an automated telephone dialing system,
without express consent.   Plaintiff Gardner seeks the award of statutory damages
pursuant to 47 U.S.C. Sec. 227(b)(3), and the award of statutory damages pursuant to
47 U.S.C. Sec. 227(d)(3)., the award of reasonable costs and court costs, and
injunctive relief.

In the Complaint, Plaintiff Gardner alleges that Plaintiff was assigned a
telephone number by Metro PCS in April, 2014, and Defendant's telephone calls were
for a party assigned the telephone number before it was assigned to Plaintiff.  Plaintiff
Gardner alleges that Plaintiff Gardner never gave express consent to be called with an
ATDS at Plaintiff's cell phone number, and Defendant called Plaintiff's cell phone

Case No. 8:14-CV-1677-T-17EAJ

repeatedly with an ATDS, without Plaintiff's consent.

Defendant Credit Management, L.P. moves to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6).

Plaintiff Gardner opposes Defendant's Motion.  Plaintiff Gardner argues that Plaintiff has identified the parties, the underlying statute and the offending conduct. Plaintiff further argues that the TCPA is a strict liability statute, and allegations of intent or negligence are not necessary, nor are further allegations of the specific manner in which the calls were placed.

I. Standard of Review

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," Id., at 570.  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556.  Two working principles underlie Twombly.  First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Id., at 555.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. Id., at 556.  A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.  When there are

2

Case No. 8:14-CV-1677-T-17EAJ

well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1955-1956 (2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

II. Discussion

Defendant Credit Management, L.P. moves to dismiss the Complaint due to the absence of sufficient factual allegations to support Plaintiff's TCPA claim. Defendant argues that merely alleging that a defendant used an ATDS is insufficient to survive a motion to dismiss. See Speidel v. JP Morgan Chase & Co., 2014 WL 582881 (M.D. Fla. 2014)(allegations which follow language of statute are consistent with liability; in absence of allegations of nature of calls, impossible to determine whether calls are exempt or unlawful). The thrust of cases like Speidel is that a plaintiff is required to allege facts sufficient to show plausibility, more than mere possibility.

Plaintiff Gardner has not included any allegation as to the content of the telephone calls, or the circumstances that suggest that Defendant used an ATDS to make the telephone calls. See Padilla v. Whetstone Partners, LLC, 2014 WL 3418490 (S.D. Fla. 2014); McGinity v. Tracfone Wireless, Inc., 5 F.Supp.3d 1337, 1342(M.D. Fla. 2014); Johansen v. Vivant, Inc., 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012)("It is not unreasonable ... to require a plaintiff to describe the phone messages he received in laymen's terms or provide the circumstances surrounding them to establish his belief that the messages were pre-recorded or delivered via the [automatic telephone dialing system].")

After consideration, the Court grants Defendant's Motion to Dismiss, with leave to file an amended complaint which includes allegations describing the phone messages received in laymen's terms, and which provide the circumstances

3

Case No. 8:14-CV-1677-T-17EAJ

surrounding Plaintiff's receipt of the message that support Plaintiff's belief that the messages were delivered by an ATDS.  Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss (Dkt. 6) is **granted**, with leave to file an amended complaint as stated above, within fourteen days.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this _17_ day of March, 2015.


ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record